# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **Delphine Seldon,** | ) | |
|     **Plaintiff,** | ) | Case No: 14 C 7455 |
| | ) | |
|     v. | ) | |
| | ) | **Judge Ronald A. Guzmán** |
| **City of Chicago,** | ) | |
|     **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated herein, the City's motion to dismiss the complaint in part [21] is granted. Seldon's §§ 1981 and 1983 race discrimination claims against the City are dismissed with prejudice and her request for punitive damages against the City is stricken.

## STATEMENT

Plaintiff Delphine Seldon, proceeding *pro se*, brings this employment discrimination suit against the City of Chicago. The City moves to dismiss the *Monell* race discrimination claim alleged against it under §§ 1981 and 1983 as well as Seldon's request for punitive damages. For the reasons stated herein, the motion is granted.

Seldon, an employee in the City's Department of Streets and Sanitation, alleges that she was discriminated against based on her age (Age Discrimination in Employment Act ("ADEA")), race (42 U.S.C. §§ 1981 and § 1983 and Title VII of the Civil Rights Act of 1964) and sex (Title VII) when her supervisor denied her "barricade certification" and transferred her out of the Bureau of Traffic Services to the Bureau of Sanitation, which is "more demanding than barricades used for parades." (Compl., Dkt. # 1, at ¶ 12(h) and attached letter.)

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss under Rule 12(b)(6), the short and plain statement must contain sufficient factual allegations "'to state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). When evaluating the sufficiency of a complaint, this Court views it in the light most favorable to the plaintiff, "taking as true all well-pleaded factual allegations and making all possible inferences from the allegations in the plaintiff's favor." *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011).

Section 1983[1] provides that any person who, under the color of law, causes the deprivation of "any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. "[I]ndividual liability under § 1983 [generally] requires 'personal involvement in the alleged constitutional deprivation.'" *Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) (citation omitted). Seldon does not name any individual defendants. Nevertheless, under the *Monell* doctrine, a municipality, like the City, can be liable under § 1983 for a constitutional violation by its employee that was caused by: (1) an official policy, (2) a widespread practice or custom, or (3) an official with final policy-making authority. *Thomas v. Cook Cnty. Sheriff's Dep't*, 604 F.3d 293, 303 (7th Cir. 2010) (citing *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690 (1978)); *see also Hahn v. Walsh*, 762 F.3d 617, 638 (7th Cir. 2014). To state a *Monell* claim under § 1983, a plaintiff must allege that the official policy or custom "not only caused the constitutional violation, but was the moving force behind it." *Sims v. Cnty. of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007).

The City moves to dismiss the race discrimination claim under § 1983 on the ground that Seldon has failed to allege facts supporting municipal liability. Seldon's only reference to the City is her allegation that she never received a response to an email she sent to the City complaining that her supervisor denied her barricade certification. (Compl., Dkt. # 1, PageID #:6.) This allegation is an insufficient factual basis on which the Court can plausibly conclude that a custom, practice or policy exists on behalf of the City to discriminate on the basis of race. Indeed, Seldon undermines her claim of discrimination in her complaint when she states that her supervisor "denied [her] certification because of a promise made to his friend, and the only way to do this [was] to transfer me out to sanitation." (*Id.*) Moreover, in her response to the motion to dismiss, Seldon fails to address the race discrimination claim under § 1983, arguing only that "[t]he municipal liability is the City . . . allowing the Bureau of Traffic . . . to totally eliminate all women laborers from [the] department." (Pl.'s Resp., Dkt. # 30, at 2.) Therefore, she has waived any opposition to the City's contention that she has failed to allege a *Monell* claim for race discrimination under § 1983. *Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) ("A failure to oppose an argument permits an inference of acquiescence and 'acquiescence operates as a waiver.'") (citation omitted).

As to the part of Seldon's prayer for relief seeking punitive damages, municipalities are immune from punitive damages with respect to the alleged claims. *See Oranika v. City of Chi.*, No. 04 C 8113, 2005 WL 2663562, at *5 (N.D. Ill. Oct. 17, 2005) (dismissing request for punitive damages against City with respect to ADEA, Title VII, and §§ 1981 and 1983 claims). Thus, Seldon's request for punitive damages against the City is stricken.

---

[1] While the form complaint includes a claim for race discrimination under § 1981, the Seventh Circuit recently held that "§ 1983 remains the exclusive remedy for violations of § 1981 committed by state actors." *Campbell v. Forest Preserve Dist. of Cook Cnty, Ill.*, 752 F.3d 665, 671 (7th Cir. 2014).

For the reasons stated herein, the City's motion to dismiss the complaint in part [21] is granted. Seldon's §§ 1981 and 1983 race discrimination claims against the City are dismissed with prejudice and her request for punitive damages against the City is stricken.

**Date**: July 8, 2015

‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **Ronald A. Guzmán**
‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ ‎ **United States District Judge**