# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| Delphine C Seldon, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 14 C 7455 |
| v. | ) | |
| | ) | **Magistrate Judge** |
| | ) | **Jeffrey T. Gilbert** |
| City Of Chicago, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This matter is before the Court's on Defendant's Motion to Bar Witnesses and Claim [ECF No. 54]. Proceeding *pro se*, Plaintiff Delphine Seldon filed this lawsuit against Defendant City of Chicago, alleging she was discriminated against based on her age, race and sex when her supervisor denied her "barricade certification" and transferred her out of the Bureau of Traffic Services to the Bureau of Sanitation, which is "more demanding than barricades used for parades." [ECF No. 1], at ¶ 12(h). This case was referred to Magistrate Judge Gilbert for discovery supervision and all discovery motions without the authority to extend discovery deadlines. [ECF No. 27]. The original fact discovery deadline in this case was October 7, 2015. [ECF No. 26]. The parties filed an agreed motion for extension of time and to complete discovery. [ECF No. 46]. That motion was granted by Judge Guzman, and fact discovery was ordered closed on November 30, 2015. [ECF No. 41].

On November 16, 2015, two weeks prior to the close of discovery, Plaintiff served her Federal Rule of Civil Procedure 26(a) disclosures, which identified eleven witnesses. [ECF No. 54], at 1. At a status hearing on November 19, 2015, Plaintiff confirmed on the record that she may call as witnesses at trial only those witnesses identified in her Rule 26(a)(1) disclosures and the witnesses she previously disclosed to Defendant's counsel at her deposition. [ECF No. 44]. At the same hearing, Plaintiff also represented to the Court that she would amend her answers to Defendant's interrogatories on or before the weekend. *Id.* (A transcript of that hearing is docketed at ECF No. 53.) Plaintiff did not amend her interrogatory answers when she said she would do so. More than a week later and on the last day of discovery, Defendant received Plaintiff's amended interrogatory responses. [ECF No. 54], at 2-3. In those amended responses, Plaintiff identified two additional witnesses not previously identified in her Rule 26(a)(1) disclosures or at her deposition and for the first time identified additional acts of alleged discrimination not included in her Complaint. [ECF No. 54], at 3-4; *see also* [ECF No. 1].

Rule 26 of the Federal Rules of Civil Procedure requires a party to provide other parties with "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses...." FED.R.CIV.P. 26(a)(1)(A). Rule 26 also requires a party to supplement or amend its disclosures and discovery responses if it learns that the information disclosed or the response is "incomplete or incorrect, and if the additional corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED.R.CIV.P. 26(e)(1). To ensure compliance with these discovery requirements, Rule 37 provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). Thus, when a party does not timely identify witnesses or evidence to support a claim, the district court may exclude those witnesses from testifying at trial or any such evidence from being used at trial. *See Finwall v. City of Chicago*, 239 F.R.D. 494, 498 (N.D. Ill.), *objections overruled*, 239 F.R.D. 504 (N.D. Ill. 2006) (excluding expert witness reports as untimely). Courts have "broad discretion" in determining whether a late disclosure is harmless, and, in considering the matter, a court should consider such factors as: "(1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date." *David v. Caterpillar, Inc.*, 324 F.3d 851, 857 (7th Cir. 2003).

As an initial matter, the fact that Plaintiff is proceeding pro se does not relieve her of her obligations to obey the Court's orders and to comply with the Federal Rules of Civil Procedure. *See Schlemm v. Wall*, 2016 WL 850816, at *3 (W.D.Wis. Mar. 2, 2016) (holding that a *pro se* plaintiff has a duty to comply with discovery rules), citing *Pearle Vision, Inc. v. Romm*, 541 F.3d 751, 758 (7th Cir. 2008) ("[I]t is also well established that pro se litigants are not excused from compliance with procedural rules."). Pursuant to Rule 37(c)(1), a party must show substantial justification for failing to disclose information required by Rule 26(a). *See* FED. R. CIV. P. 37(c)(1).

Plaintiff does not dispute that she identified two new witnesses, Clarence Andrews and Yvonne Love, in her amended answers to Defendant's interrogatories. She offers no explanation why she failed to identify them earlier than on the eve of the closure of fact discovery and after she had confirmed with the Court and Defendant that she did not have any other witnesses. *See* [ECF No. 44]. Plaintiff's failure to include these witnesses in her Rule 26(a)(1) disclosures is not substantially justified, and the Court, in its discretion, will not permit Plaintiff to sandbag Defendant on the day that discovery is set to close with new witnesses who Defendant is unable to investigate or depose. Therefore, Plaintiff is barred from calling Clarence Andrews and Yvonne Love to testify at trial.

With regard to the new facts alleged in her amended answers to Defendant's interrogatories, the only explanation Plaintiff offers as to why these new allegations were not included in her complaint and/or initial interrogatory responses is: "All incidents did happen in 2013 which show discrimination along with not becoming certified in barricades which lead to plaintiff's reassignment. All incidents show how race, sex and age discrimination." [ECF No. 55], at 1.

But this is beside the point and not a sufficient explanation or reason to include these potential new claims in a case that was filed in 2014. It is not clear why Plaintiff did not include these alleged incidents in her complaint and did not identify them in her initial answers to Defendant's interrogatories. Without any reasonable explanation or justification for identifying these new alleged acts of discrimination at the eleventh hour, the Court, in its discretion, will not permit Plaintiff to expand her case on the day that discovery is set to close with new claims and information that Defendant has not investigated nor had the opportunity to inquire about during depositions already taken. Therefore, Plaintiff is barred from offering evidence of any new acts of discrimination alleged or detailed in her amended answers to interrogatories.

Accordingly, Defendant's Motion to Bar Witnesses and Claims [ECF No. 54] is granted. It is so ordered.

Dated: March 10, 2016

Jeffrey T. Gilbert
United States Magistrate Judge