# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Delphine Seldon, | ) | |
|     Plaintiff, | ) | Case No: 14 C 7455 |
| | ) | |
| v. | ) | |
| | ) | Judge Ronald A. Guzmán |
| City of Chicago, | ) | |
|     Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

For the reasons stated below, the City is directed to file within 7 days of the date of entry of this order a statement listing its revised costs, including the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" within the parameters described herein (*i.e*, $3.65 per page of the transcript and the appropriate appearance fee for each deposition based on its duration). The City shall set forth not only the total amount sought for the transcripts but the underlying calculations as well.

## STATEMENT

Rule 54(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The rule "provides a presumption that the losing party will pay costs but grants the court discretion to direct otherwise." *Rivera v. City of Chi.*, 469 F.3d 631, 634 (7th Cir. 2006). The Seventh Circuit recognizes "only two situations in which the denial of costs might be warranted: the first involves misconduct of the party seeking costs, and the second involves a pragmatic exercise of discretion to deny or reduce a costs order if the losing party is indigent." *Mother & Father v. Cassidy*, 338 F.3d 704, 708 (7th Cir. 2003). "Generally, only misconduct by the prevailing party worthy of a penalty (for example, calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging the proceedings), or the losing party's inability to pay will suffice to justify denying costs." *Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 222 (7th Cir. 1988). Taxing costs against the non-prevailing party requires two inquiries: (1) whether the cost is recoverable; and (2) whether the amount assessed is reasonable. *See Majeske v. City of Chi.*, 218 F.3d 816, 824 (7th Cir. 2000). The list of recoverable costs pursuant to 28 U.S.C. § 1920 includes (1) fees of the clerk and marshal, (2) fees for transcripts, (3) witness fees and expenses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation for court-appointed experts and interpreters. *See Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007).

Here, the City seeks costs totaling $7,611.55, with $7,028.45 representing fees for transcripts of depositions and one court hearing. Specifically, the City states that it is seeking the

costs of deposing six witnesses named by Plaintiff, ordering a 9-page hearing transcript of proceedings before Magistrate Judge Gilbert, and deposing Plaintiff over three sessions. Plaintiff was given an opportunity to respond to the City's memorandum in support of its bill of costs, but failed to do so. The Court notes that Plaintiff did not proceed *in forma pauperis* in this case and paid the filing fee of $400.00.

The cost for three volumes of Plaintiff's deposition is $4,637.00. The City states that it "needed three sessions to finish the deposition of Plaintiff because she was representing herself and made many allegations in her deposition that went beyond the scope of her Complaint." (Def.'s Supp. Mem. Bill Costs, Dkt. # 77, at 4.) "Depositions of parties to litigation are routine parts of litigation and necessary to explore parties' claims and defenses." *Kouassi v. W. Illinois Univ.*, No. 13-CV-1265, 2015 WL 4464544, at *2 (C.D. Ill. July 21, 2015). Therefore, costs for Plaintiff's deposition transcripts are allowed.

As to the other transcripts, in her Rule 26(a)(1) disclosures, Plaintiff named eleven witnesses as potentially having discoverable information regarding her claims, and the City deposed six of those witnesses, including Lois Tyler, Carlee Scott, Rovertis Spencer, Kenneth Edwards, Don Brown, and Tony Brewington. (Bill of Costs, Dkt. # 71-1, Itemization Bill of Costs, at Pages 15-21 of 28.) The transcripts for these six depositions cost $3,024.75. The City cited only to the depositions of Plaintiff and Lois Tyler in support of its motion for summary judgment. However, a deposition need not be used in a motion in order for the Court to find it was necessary to the litigation. "The proper inquiry is whether the deposition was 'reasonably necessary' to the case at the time it was taken, not whether it was used in a motion or in court.'" *Stollings v. Ryobi Techs., Inc.*, No. 08 C 4006, 2015 WL 4100479, at *5 (N.D. Ill. July 6, 2015) (citation omitted). The Court notes that the City took only six depositions of the eleven witnesses named by Plaintiff, and Plaintiff has provided no basis on which the Court can find the depositions were not necessary to flesh out Plaintiff's claims. Therefore, the costs are recoverable.

The Court, however, does not agree with the amounts requested by the City. As the City notes in its supplemental memorandum, the per-page cost of a deposition is limited under the Local Rules to $3.65 a page for a regular transcript. *See* N.D. Ill. Local Rule 54.1(b); *see also* http://www.ilnd.uscourts.gov/Pages.aspx?rsp2kxYIAI6Z3skP0PESA+q3bXKkfRyo (last visited Oct. 3, 2016). The per-page fee charged for several of the transcripts is more than $3.65; any amount above that rate will not be allowed. Further, while the City properly notes that appearance fees for the court reporters are recoverable, these are limited to $110.00 for one-half day (4 hours or less) and $220.00 for a full day. *Id.* Again, several of the appearance fees the City is seeking exceed the approved amounts and the City is not entitled to recover more than allowed by the Local Rules.

Further, "[a]dditional items such as disks, word indexes, extra copies, or delivery charges are regarded either as convenience or an ordinary business expense for the lawyer and are not generally compensable" unless reasonably necessary and not merely for convenience. *Wilson v.*

*Career Educ. Corp.*, No. 11 C 5453, 2016 WL 1719770, at *4 (N.D. Ill. Apr. 29, 2016). The City has not demonstrated that these costs are reasonably necessary, and the Court does not allow them.

The fees for service of summons ($195.00), witnesses ($92.90), and copying ($295.20) are allowed.

The City is directed to file within 7 days of the date of entry of this order a statement listing its revised costs, including the "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" within the parameters described in the preceding paragraph (*i.e*, $3.65 per page of the transcript and the appropriate appearance fee for each deposition based on its duration). The City shall set forth not only the total amount sought for the transcripts but the underlying calculations as well.

Date: October 3, 2016

Ronald A. Guzman
United States District Judge